IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-434-FL

| | |
|---|---|
| WILLIAM PASSARELLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CARDINAL FINANCIAL CORP. a/k/a ) | |
| Fleet Mortgage Corp., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss for insufficient process and service of process (DE 63), and motions by plaintiff to amend and for miscellaneous relief (DE 71, 72, 76, 77, 79). In addition, this matter is before the court on its own initiative for reconsideration of its earlier decision allowing plaintiff to proceed in forma pauperis. For the following reasons, the instant action is dismissed pursuant to 28 U.S.C. § 1915(g), and the instant motions are denied as moot.

### STATEMENT OF THE CASE

Plaintiff, who is a pro se prisoner at a Pennsylvania state correctional institution, commenced this action on September 30, 2019, by filing a motion for leave to proceed in forma pauperis. The court granted that initial motion on November 5, 2019, and the court allowed plaintiff to proceed forward upon operative amended complaint on February 14, 2020. In said amended complaint, on the basis of diversity jurisdiction, plaintiff asserts claims against defendant premised upon alleged failure by defendant to verify records of persons applying for and receiving

approval for a mortgage loan in 1990, and in connection with service of documents in 1998 and 1999.  (DE 30 at 5).  Plaintiff seeks "removal/reversal of default judgment in the amount of $95,7132.32," compensatory damages, "removal of all credit deficiencies," and legal fees.  (Id.).

Defendant filed the instant motion to dismiss on August 8, 2020, for insufficient process and insufficient service of process, relying upon a declaration of Whitney Travis Kelly ("Kelly"), senior corporate counsel of Cardinal Financial Company, Limited Partnership, and a 2016 Annual Report of the Virginia State Corporation Commission for Cardinal Financial Corporation.

Plaintiff filed the instant motions to amend and correct defendants, on September 8, 2020, September 22, 2020, and October 1, 2020, seeking to correct defendant's name for purposes of service.  Plaintiff also filed the instant motion to review bankruptcy document on October 13, 2020.  Defendant filed a response to plaintiff's motions to amend and correct on October 19, 2020.

## COURT'S DISCUSSION

A.   Three Strikes

The Prison Litigation Reform Act ("PLRA") bars a prisoner from bringing a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA.  See Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Banks v. Hornak, 698 F. App'x 731, 734 & n.2 (4th Cir. 2017).

Here, plaintiff is a prisoner incarcerated at the time of commencement of this action at "SCI Mahanoy" in Pennsylvania. (DE 1 at 2).[1] Plaintiff also has on three or more occasions, while incarcerated, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim:

At least three civil actions filed by plaintiff have been dismissed as frivolous, malicious, or for failure to state a claim, including the following:

1) William J. Passarella v. Elizabeth Cellini, et al., No. 2:18-cv-5641 (E.D. Pa. Jan. 31, 2019) (dismissing federal claims with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(ii));

2) William J. Passarella v. Norman Passarella, No. 2:19-cv-00091 (E.D. Pa. Jan. 31, 2019) (dismissing federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); and

3) William Passarella v. Citizen's Bank Supermarket Branch, et al., No 2:19-cv-00108, (E.D. Pa. Jan. 31, 2019) (dismissing federal claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

See William Passarella v. Cardinal Fin. Corp., No. 3:19-CV-1170, 2019 WL 7501343, at *2 (M.D. Pa. Sept. 3, 2019), report and recommendation adopted, No. 3:19-CV-1170, 2020 WL 111257 (M.D. Pa. Jan. 8, 2020) (confirming three strikes and dismissing fourth action as barred under § 1915(g)); see also William J. Passarella v. PA Dep't of Corr., No. 3:14-CV-2066, 2015 WL 513144, at *1 (M.D. Pa. Feb. 6, 2015) (dismissing civil rights complaint filed by plaintiff pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); cf. William J. Passarella v. Hegwitt, No. CV 20-3391, 2020 WL 5518610, at *4 (E.D. Pa. Sept. 14, 2020) (dismissing wrongful conviction civil rights complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

---

[1] See also State of Pennsylvania, Department of Corrections, State Prisons, Facilities, SCI Mahonoy (https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Mahanoy.aspx). Plaintiff is reported as inmate number LG6537, with a date of birth in 1980, and currently incarcerated. (See http://inmatelocator.cor.pa.gov/#/Result).

Accordingly, plaintiff has incurred three strikes under the PLRA. Section 1915(g) permits a prisoner with "three strikes" to proceed in forma pauperis when his complaint alleges an "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Newkirk v. Kiser, 821 F. App'x 159, 159-60 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Vague, speculative, or conclusory allegations are insufficient to establish imminent danger of serious physical harm. Martin, 319 F.3d at 1050. Here, plaintiff's complaint does not sufficiently allege imminent danger of serious physical injury.

## CONCLUSION

Based on the foregoing, the court VACATES the court's November 5, 2019, order (DE 13) allowing plaintiff to proceed without prepayment of fees, DENIES plaintiff's motions requesting same (DE 1, 6), and DISMISSES WITHOUT PREJUDICE this action pursuant to 28 U.S.C. §1915(g). Where plaintiff's action must be dismissed pursuant to § 1915(g), the remaining pending motions (DE 63, 71, 72, 76, 77, 79) are DENIED AS MOOT.

SO ORDERED, this the 9th day of November, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge